UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE R. MARTIN,<br><br>          Plaintiff,<br><br>v.<br><br>R. PATEL, et al.,<br><br>          Defendants. | Case No.: 17-CV-916-JLS (WVG)<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT**<br><br>(ECF No. 2) |

   Presently before the Court is Plaintiff Lance R. Martin's Motion to Proceed *In Forma Pauperis* ("IFP"). ("IFP Mot.," ECF No. 2.)

### IFP MOTION

   All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court

may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

In the present case, Plaintiff has submitted an affidavit indicating that his average monthly income during the past year is $500. (IFP Mot. 1.[1]) However, he indicates that he has no savings, no assets, and that his monthly expenses exceed his income by $56. (*See generally id.*) Plaintiff further claims he often "comes up short" and has to borrow money from family members. (*Id.* at 5.) Given the foregoing, the Court concludes that Plaintiff's application demonstrates he is unable to pay the requisite fees and costs. Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP.

**Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

---

[1] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

"While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported her contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679).

Plaintiff filed a Complaint under the Civil Rights Act, 42 U.S.C. § 1983, seeking to hold several Defendants liable for their alleged deficient medical care of Plaintiff. (*See generally* Compl., ECF No. 1.) Specifically, Plaintiff claims that these Defendants failed to properly treat him for two medical injuries: first, an alleged cervical injury causing extreme pain and suffering and partial paralysis; second, an internal injury causing constant

///

///

and bloody urine and abdominal pain. (*Id.* at 7.) For these alleged wrongs Plaintiff seeks "declaratory judgment [that] defendants committed medical malpractice on Plaintiff" and damages (including punitive) of $2 million. (*Id.* at 4.)

The Court finds that Plaintiff has failed to state a claim against any of these Defendants for two reasons. First, Plaintiff cannot bring a § 1983 claim against these Defendants because they did not act under color of state law, which is a requirement for bringing suit under this Section. *See* 42 U.S.C. § 1983 (providing a private right of action for a deprivation of constitutional rights where the alleged offender acts "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia"). To be sure, Plaintiff, in conclusory fashion, states that all of these Defendants operated under color of state law during the course of their treatment. (Compl. 2.) But the Court cannot accept as true Plaintiff's legal conclusions. Nor does Plaintiff provide any factual allegations that plausibly suggest these Defendants were acting under color of state law during these events. For instance, Plaintiff alleges that Defendant Patel was his examining doctor at "Neighborhood Clinic-El Cajon," (*id.* at 7), but he does not explain how Patel's status at a doctor at this facility subjects him to suit under § 1983.

Second, without a viable § 1983 claim against these Defendants, Plaintiff fails to explain how this Court has jurisdiction over what ultimately appear to be state-law claims for medical malpractice. (*See id.* at 12 (requesting that the Court declare "defendants have committed medical malpractice on Plaintiff, and are deliberately indifferent towards Plaintiff[']s serious medical needs, and have violated Plaintiff[']s legal rights under existing medical malpractice laws").)

The Court therefore finds that Plaintiff has failed to state a claim for relief, as required by 28 U.S.C. § 1915(e)(2), and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

/ / /

/ / /

/ / /

# CONCLUSION

For the reasons stated above, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to § 1915(a), (ECF No. 2); and

2. **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint, (ECF No. 1). Plaintiff **MAY FILE** an amended complaint <u>within thirty (30) days of the date on which this Order is electronically docketed</u>. *Should Plaintiff fail to file an amended complaint within the time provided, the Court may enter a final order dismissing this civil action with prejudice.*

**IT IS SO ORDERED.**

Dated: August 3, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge