UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE R. MARTIN,<br><br>                          Plaintiff,<br><br>v.<br><br>R. PATEL, et al.,<br><br>                        Defendants. | Case No.: 17-CV-916-JLS (WVG)<br><br>**ORDER DISMISSING WITHOUT PREJUDICE PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>(ECF No. 11) |

Presently before the Court is Plaintiff Lance R. Martin's First Amended Complaint. ("FAC," ECF No. 11.) The Court previously granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") and denied Plaintiff's Complaint pursuant to screening under 28 U.S.C. §§ 1915(e)(2) & 1915A(b). (ECF No. 7.) The Court dismissed the Complaint without prejudice and allowed Plaintiff thirty days to file an amended complaint. (*Id.* at 5.)

**Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001)

("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

"While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a

2

17-CV-916-JLS (WVG)

complaint if the plaintiff has not supported her contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679).

## ANALYSIS

Plaintiff filed an Amended Complaint under the Civil Rights Act, 42 U.S.C. § 1983, seeking to hold several Defendants liable for their alleged deficient medical care of Plaintiff. (*See generally* FAC.) Specifically, Plaintiff claims that these Defendants failed to properly treat him for two medical injuries: first, an alleged cervical injury causing extreme pain and suffering and partial paralysis; second, an internal injury causing constant and bloody urine and abdominal pain. (*Id.* ¶ 10.)

The Court previously dismissed Plaintiff's claim on two grounds. First, Plaintiff stated in a conclusory fashion that Defendants acted under color of state law without providing any facts to support this allegation. (ECF No. 7, at 4.) Second, Plaintiff failed to explain how the Court has jurisdiction over state law medical malpractice claims. (*Id.*) In his FAC, Plaintiff attempts to cure these deficiencies by pleading that each Defendant operated under color of state law by virtue of their "California State Medical Board" licenses. (FAC ¶¶ 5–8.) Plaintiff provides no other allegation as to how Defendants acted under color of state law.

The Court finds that Plaintiff has failed to state a claim under § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A defendant acts under color of state law when she exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed in the authority of state law." *United States v. Classic*, 313 U.S. 299, 326 (1941). If a defendant's conduct satisfies the state-action requirement of the Fourteenth Amendment, then the defendant is considered to be acting under color of state law. *West*, 487 U.S. at 49.

Here, Defendants are not state or municipal employees. Rather, they appear to be private doctors employed at the El Cajon Neighborhood Health Clinic. (FAC ¶¶ 5–8.) In

limited circumstances private actors may be operating under color of state law. The Court follows a two-part test to determine if a private party is acting under color of state law. "First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). "Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.* At the outset, the Court presumes that conduct by private actors is not state action, *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011), and Plaintiff has the burden of establishing Defendants were state actors. *Id.* (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978)).

Plaintiff cannot meet either element of the *Lugar* test. First, Plaintiff's alleged deprivation of his constitutional rights is not the result of some governmental policy or rule. Plaintiff's alleged harms came from medical choices made by private doctors. The State of California did not impose a policy or rule that prescribed how Defendants were to treat Plaintiff. Defendants' medical licenses, at most, authorize Defendants to practice medicine. It is not conduct imposed by the state that allegedly caused the deprivation, but rather practical medical decisions by Defendants.

Second, Defendants cannot fairly be considered state actors. "In order for private conduct to constitute governmental action, 'something more' must be present." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). "[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). Due to the fact-intensive nature of the inquiry, courts have developed a variety of tests to determine whether a private party has acted under color of state law. *Lee v. Katz*, 276 F.3d 550, 554 (9th Cir. 2002). The Supreme Court has identified at least applicable seven tests, *see Brentwood Acad.*, 531 U.S. at 296, and the Ninth Circuit has held that "[s]atisfaction of

4

17-CV-916-JLS (WVG)

any one test is sufficient to find state action, so long as no countervailing factor exists." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003).

At this stage the Court finds that it is unnecessary to labor through each of seven tests. Plaintiff's only argument showing that Defendants acted under color of state law is that they have a medical license issued by the state. A private physician may be found to be a state actor when she works under contract with the state to provide medical care to state-prison inmates. *See West*, 487 U.S. at 56. It may also be found, for example, where a hospital and ambulance service are under contract to provide medical services to indigent citizens. *See Lopez v. Dept. of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991). It is not found where a health care provider, not contracted by the state, has a preexisting commitment to serve all persons who present themselves for emergency treatment. *See Clewis v. Cal. Prison Health Care Servs.*, No. 09-CV-2120 JAM ACP, 2013 WL 2482521, at *4 (E.D. Cal. June 10, 2013). This case hews closer to *Clewis* than *West* and *Lopez*. Plaintiff has not plead that Defendants were in any way under contract by the state or had any nexus with the state other than a medical license. If a federal court were to allow a suit based solely on a state-issued license there would be virtually no limiting principle on § 1983 claims. Defendants are not state actors; they did not act under color of state law.

The Court therefore finds that Plaintiff has failed to state a claim for relief, as required by 28 U.S.C. § 1915(e)(2). The Court has serious doubts whether Plaintiff can plead any facts sufficient to make out a § 1983 claim. By all appearances, this cause of action is a state law medical malpractice claim. However, in light of Plaintiff's pro se status, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's First Amended Complaint.

///
///
///
///
///

## CONCLUSION

For the reasons stated above, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's First Amended Complaint. (ECF No. 11.) Plaintiff **MAY FILE** an amended complaint <u>within thirty (30) days of the date on which this Order is electronically docketed</u>. *Should Plaintiff fail to file an amended complaint within the time provided, the Court may enter a final order dismissing this civil action with prejudice.*

**IT IS SO ORDERED.**

Dated: October 19, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge