UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE R. MARTIN,<br><br>                    Plaintiff,<br><br>v.<br><br>R. PATEL, et al.,<br><br>                    Defendants. | Case No.: 17-CV-916-JLS (WVG)<br><br>**ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 4(c)(3) & 28 U.S.C. § 1915(d)**<br><br>(ECF No. 13) |

Presently before the Court is Plaintiff Lance R. Martin's Second Amended Complaint. ("SAC," ECF No. 13.) The Court previously granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") and has dismissed both Plaintiff's Complaint and First Amended Complaint ("FAC") pursuant to screening under 28 U.S.C. §§ 1915(e)(2) & 1915A(b). (ECF Nos. 7, 11.) The Court dismissed both Complaints without prejudice and allowed Plaintiff thirty days to file an amended complaint on each occasion. Plaintiff has now timely filed a Second Amended Complaint, (ECF No. 13).

**Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief

may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

"While factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported her contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679).

In addition, the Court's duty to liberally construe a pro se litigant's pleadings is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992); *see Karim-Panahi v. L.A. Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). However, in giving liberal interpretation to a civil rights complaint filed pro se, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

## ANALYSIS

Plaintiff filed a Second Amended Complaint under the Civil Rights Act, 42 U.S.C. § 1983, seeking to hold several Defendants liable for their alleged deficient medical care of Plaintiff. (*See generally* SAC.) Specifically, Plaintiff claims that these Defendants failed to properly treat him for two medical injuries: first, an alleged cervical injury causing extreme pain and suffering and partial paralysis; second, an internal injury causing constant and bloody urine and abdominal pain. (*Id.* ¶ 10.)

The Court previously dismissed Plaintiff's claim because Plaintiff failed to explain how the Court has subject matter jurisdiction over state law medical malpractice claims. (ECF No. 7, at 4.) In his FAC, Plaintiff attempted to cure these deficiencies by pleading that each Defendant operated under color of state law by virtue of their "California State Medical Board" licenses. (FAC ¶¶ 5–8.) The Court found that state medical licenses do not qualify the Defendants are state actors and thus could not act under color of state law. (ECF No. 12, at 4.) Plaintiff now alleges Defendants acted under color of state law because they each have "a California state billing contract funded through Medi Cal to . . . El Cajon

neighborhood Health Clinic." (SAC ¶¶ 5–8.) El Cajon neighborhood Health Clinic employs the Defendant doctors. (*See id.*)

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A defendant acts under color of state law when she exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed in the authority of state law." *United States v. Classic*, 313 U.S. 299, 326 (1941). If a defendant's conduct satisfies the state-action requirement of the Fourteenth Amendment, then the defendant is considered to be acting under color of state law. *West*, 487 U.S. at 49.

Here, Plaintiff alleges that the clinic that employs the doctors is funded through a Medi-Cal billing contract. (SAC ¶¶ 5–8.) Medi-Cal is California's version of the joint federal-state program known as Medicaid. *Marquez v. Dep't of Health Care Servs.*, 240 Cal. App. 4th 87, 93 (Ct. App. 2015). It is plausible that there is state action present where a government funding relationship exists. The Court finds Plaintiff's allegations sufficient to survive this stage of the litigation, especially considering the Court's duty to liberally construe a pro se litigant's pleadings in civil rights cases. *Ferdik*, 963 F.2d at 1261.

The Court finds that Plaintiff's allegations sufficient to survive the *sua sponte* screening required by section 1915(e)(2) and 1915A(b). Accordingly, the Court finds Plaintiff is entitled to U.S. Marshal service on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . .").

///
///
///

# CONCLUSION

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. The Clerk **SHALL ISSUE** a summons as to Plaintiff's Second Amended Complaint (ECF No. 13) upon Defendants and **SHALL FORWARD** it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk **SHALL PROVIDE** Plaintiff with a certified copy of the Order granting Plaintiff leave to proceed IFP (ECF No. 7), a certified copy of his Second Amended Complaint (ECF No. 13), and the summons so that he may serve each named Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285's as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Upon receipt, the U.S. Marshal shall serve a copy of the Second Amended Complaint and summons upon each Defendant as directed by Plaintiff on the USM Form 285s. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

2. Defendants are thereafter **ORDERED** to reply to Plaintiff's Second Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (noting that while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

3. Plaintiff **SHALL SERVE** upon the Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants,

and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

Dated: January 3, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge